UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICARDO CALDERA OROZCO,

Petitioner,

v.

JULIO HERNANDEZ et al,

Respondent.

Case No. 2:26-cv-02313-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Ricardo Caldera Orozco entered the United States without inspection more than ten years ago, was apprehended by Department of Homeland Security officers in June 2026, and is detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 3, 20. He has two minor children who are United States citizens. *Id.* ¶ 48. Petitioner has not received a bond hearing to determine if he can be released pending his removal proceedings. *Id.* ¶¶ 20, 53.

On July 1, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act (INA) because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 7–8, 60–62. Petitioner also argues that subjecting him to mandatory detention violates due process. *Id.* ¶¶ 63–68. On July 17, Federal Respondents filed a return to the habeas petition. Dkt. 8. Petitioner replied on July 27.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Dkt. 11. Because Petitioner's detention without a bond hearing violates the INA, the Court GRANTS the habeas petition.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. *See* Dkt. 1 ¶¶ 7–8. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class. Dkt. 8 at 2.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

But Petitioner is entitled to a bond hearing rather than immediate release. "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

To the extent that Petitioner raises alternative arguments regarding his detention based on alleged constitutional violations, under the doctrine of constitutional avoidance the Court need not reach these claims. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question"). The Court's construction of the INA adopted in *Rodriguez Vazquez* entitles Petitioner

to the same relief he would receive if the Court found his mandatory detention violated due process—an individualized bond hearing before an IJ. *See, e.g., Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019) (holding that due process requires a bond hearing once mandatory detention becomes unreasonably prolonged). And if the IJ abuses their discretion when applying the law to Petitioner's request for bond, Petitioner may appeal that decision to the BIA or seek relief from that violation in a subsequent habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024) (determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law).

Finally, Petitioner urges the Court to instead order immediate release due to either (1) the government's refusal to abandon its mandatory detention policy, despite the ruling in *Rodriguez Vazquez* and from many other district courts within the Ninth Circuit; or (2) allegations of pervasive bias amongst the IJs in Tacoma Immigration Court. *See* Dkt. 1 ¶¶ 55–59. The Court understands the frustration that accompanies having to file multiple habeas petitions when an individual's rights are violated upon initial detention and again in subsequent bond proceedings, as well as the devastating consequences that unlawful detention has on noncitizens and their families. That frustration, and the human toll of the government's policies, pervades this Court's docket each day.

But the Court's role in remedying those violations is constrained by the jurisdictional limits of both Article III's case or controversy requirement and the INA. Petitioner has presented neither the legal authority nor the type of factual record that would allow the Court to order immediate release for every class member, to prospectively declare that all bond hearings conducted by Tacoma IJs violate due process, or to substitute its own authority to decide in the first instance whether a noncitizen is entitled to discretionary release on bond when the INA commits that decision to the executive branch. The Court's role is to adjudicate legal challenges

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

to those decisions once they occur, and to grant habeas relief when a petitioner shows that his detention violates the law.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within seven days of receiving Petitioner Ricardo Caldera Orozco's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.    Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 29th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5